UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT F. ALMEIDA and ROBERT
F. ALMEIDA as the assignee of JASON
JOSEPH,

                      Plaintiffs,

            -v-

THE UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT, and THE HON.
STEVEN PRESTON,[*] as Secretary
of the United States Department of
Housing and Urban Development,

                   Defendants.

08 Civ. 04582 (SCR)

ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for Defendants*
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone (212) 637-2679
Facsimile (212) 637-2717

*Of Counsel:*

JEAN-DAVID BARNEA
Assistant United States Attorney

---

[*] Pursuant to Federal Rule of Civil Procedure 25(d), the Honorable Steven Preston is automatically substituted for the Honorable Alphonso Jackson as the Secretary of Housing and Urban Development.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ...................................................................................................2

ARGUMENT .......................................................................................................................5

I.      SOVEREIGN IMMUNITY BARS PLAINTIFFS' CLAIM UNDER THE
        MULTIFAMILY MORTGAGE FORECLOSURE ACT OF 1981 AND THE
        NATIONAL HOUSING ACT ..................................................................................5

        A.      Legal Standard .............................................................................................5

        B.      The Multifamily Mortgage Foreclosure Act of 1981 Does Not Waive
                Defendants' Sovereign Immunity ...............................................................6

        C.      The National Housing Act's Limited "Sue and Be Sued" Provision Is
                Inapplicable Here ........................................................................................8

II.     PLAINTIFFS' FTCA CLAIM IS JURISDICTIONALLY TIME-BARRED
        BECAUSE THEY FAILED TO EXHAUST THEIR ADMINISTRATIVE
        REMEDIES ...........................................................................................................10

III.    THIS COURT HAS NO JURISDICTION OVER PLAINTIFFS' COMMON-
        LAW CLAIMS. .....................................................................................................11

CONCLUSION ..................................................................................................................13

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 903 F.2d 114 (2d Cir. 1990) .......................... 5

*Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76 (2d Cir. 2005) ................. 10

*Chayoon v. Chao*, 355 F.3d 141 (2d Cir. 2004)................................................................. 6

*Checed Creek, Inc. v. Sec'y of HUD*, No. 4:06cv110,
 2007 WL 1238592 (E.D. Va. Apr. 27, 2007) ................................................................. 7

*Desiderio v. Nat'l Ass'n of Secs. Dealers, Inc.*,
 2 F. Supp. 2d 516 (S.D.N.Y. 1998), *aff'd*, 191 F.3d 198 (2d Cir. 1999) .......................... 6

*Dia Nav. Co. v. Pomeroy*, 34 F.3d 1255 (3d Cir. 1994) .................................................... 12

*Dunn & Black, P.S. v. United States*, 492 F.3d 1084 (9th Cir. 2007).................................. 12

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ....................................................................... 5

*Guity v. Martinez*, No. 03 Civ. 6266(LAP), 2004 WL 1145832 (S.D.N.Y. May 20, 2004) .......... 9

*In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210 (2d Cir. 1987) ................................... 10

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69 (2d Cir. 1995)...................... 2

*Jewish Ctr. for Aged v. HUD*, No. 4:07-CV-750 (JCH),
 2007 WL 2121691 (E.D. Mo. July 24, 2007) ................................................................. 9

*Johnson v. Smithsonian Inst.*, 189 F.3d 180 (2d Cir. 1999).............................................. 11

*Joseph v. Carro*, No. 02-CV-6133(CLB) (S.D.N.Y. filed July 31, 2002)................................... 3

*Kennedy Heights Apartments, Ltd. I v. McMillan*, 78 F. Supp. 2d 562 (N.D. Tex. 1999) ......... 7, 8

*Lisbon Square v. United States*, 856 F. Supp. 482 (E.D. Wis. 1994) .................................. 7, 8

*Mack v. United States*, 814 F.2d 120 (2d Cir. 1987) ...................................................... 6

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)......................................... 2, 5, 6

*Massie v. HUD*, Civil No. 06-1004, 2007 WL 184827 (W.D. Pa. Jan. 19, 2007),
 *on reconsideration*, 2007 WL 674594 (W.D. Pa. Mar. 1, 2007)................................... 7, 8

*Oakbrook Village Assocs. v. Cisneros*, 25 F. Supp. 2d 730 (E.D. La. 1998) ......................... 7, 8

*Parker v. Della Rocco*, 252 F.3d 663 (2d Cir. 2001)....................................................... 12

*Pershing Div. of Donaldson, Lufkin & Jenrette Secs. Corp. v. United States*,
    22 F.3d 741 (7th Cir. 1994) .......................................................................... 12

*Presidential Gardens Assocs. v. United States*, 175 F.3d 132 (2d Cir. 1999) ............................... 5

*San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007) (en banc) ............................ 12

*SEC v. Credit Bancorp, Ltd.*, 297 F.3d 127 (2d Cir. 2002) ............................................................ 5

*Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129 (2d Cir. 1998) ......................................... 2, 6

*Spinale v. United States*, No. 03 Civ. 1704, 2004 WL 50873 (S.D.N.Y. Jan. 9, 2004) ............... 12

*Telesca v. Long Island Hous. P'ship, Inc.*, 443 F. Supp. 2d 397 (E.D.N.Y. 2006) ...................... 9

*Thomas v. Pierce*, 662 F. Supp. 519 (D. Kan. 1987) ..................................................................... 9

*United Am., Inc. v. NBC-USA Hous., Inc. Twenty Seven*,
    400 F. Supp. 2d 59 (D.D.C. 2005) .................................................................. 8

*Up State Fed. Credit Union v. Walker*, 198 F.3d 372 (2d Cir. 1999) ........................................... 5

*Valentine Props. Assocs., LP v. HUD*, No. 05 Civ. 2033 (SCR),
    2007 WL 3146698 (S.D.N.Y. Oct. 12, 2007) .............................................. 5, 6

*Wood v. United States*, 961 F.2d 195 (Fed. Cir. 1992) ................................................................ 10

## **Statutes**

28 U.S.C. § 1331 ......................................................................................................................... 5, 6

28 U.S.C. § 1367 ....................................................................................................................... 5, 12

Administrative Procedure Act, 5 U.S.C. § 702 .............................................................................. 7

Departments of Veterans Affairs and Housing and Urban Development,
    and Independent Agencies Appropriations Act of 1997,
    Pub. L. No. 104-204, § 204, 110 Stat. 2874, 2894 (1996)
    (codified as amended at 12 U.S.C. § 1715z-11a(a)) ....................................... 9

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 .......................................... 1

    28 U.S.C. § 2401(b) ................................................................................. 1, 10

    28 U.S.C. § 2675(a) .................................................................................. 1, 10

Housing and Community Development Amendments of 1978,
    Pub. L. No. 95-557, § 203, 92 Stat. 2080, 2088 (1978)
    (codified as amended at 12 U.S.C. § 1701z-11) ............................................. 9

Little Tucker Act, 28 U.S.C. § 1346(a)(2)........................................................................... 12

Multifamily Mortgage Foreclosure Act of 1981, 12 U.S.C. §§ 3701-3717................................... 1

      12 U.S.C. § 3701........................................................................................................... 6

      12 U.S.C. § 3704........................................................................................................... 6

      12 U.S.C. § 3705........................................................................................................... 6

      12 U.S.C. § 3706........................................................................................................... 6

      12 U.S.C. § 3708........................................................................................................... 6

      12 U.S.C. § 3710........................................................................................................... 7

      12 U.S.C. § 3713(b)...................................................................................................... 7

National Housing Act, ch. 847, 48 Stat. 1246 (1934)
      (codified as amended in various sections of 12 U.S.C. § 1701 *et seq.*)............................... 1

      12 U.S.C. § 1702....................................................................................................... 1, 8, 9

Tucker Act, 28 U.S.C. § 1491(a)(1)........................................................................... 1, 8, 11

## PRELIMINARY STATEMENT

Defendants the United States Department of Housing and Urban Development ("HUD") and Steven Preston, Secretary of HUD (collectively, the "Government"), by their attorney Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiffs assert several claims in this action: (1) a claim under the Multifamily Mortgage Foreclosure Act of 1981, 12 U.S.C. §§ 3701-3717 ("MMFA"), and the National Housing Act, ch. 847, 48 Stat. 1246 (1934) (codified as amended in various sections of 12 U.S.C. § 1701 *et seq.*) ("NHA"); (2) a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 ("FTCA"); and (3) common-law claims for breach of contract, unjust enrichment, and quantum meruit.  For the reasons explained below, this Court does not have subject matter jurisdiction over any of these claims, and must therefore dismiss the entire action.

First, the MMFA does not contain a waiver of sovereign immunity permitting the Government to be sued for any purported violation thereof, and the NHA's limited "sue and be sued" provision, 12 U.S.C. § 1702, does not embrace the agency's actions that form the basis of this suit.  Furthermore, a district court's jurisdiction over an FTCA claim depends on the claimant having filed an administrative claim within two years after it accrued, 28 U.S.C. §§ 2401(b), 2675(a); Plaintiffs presented no such claim to HUD within the requisite period. Finally, federal district courts do not have jurisdiction to entertain actions against the government for breach of contract or related theories where the claimed damages exceed $10,000; that jurisdiction lies solely in the Court of Federal Claims.  28 U.S.C. § 1491(a)(1).

## STATEMENT OF FACTS

On March 21, 2002, HUD, through its designated foreclosure commissioner, Hon. John Carro (a retired New York Supreme Court Justice), conducted a non-judicial foreclosure sale on its mortgage on Tappan Zee Manor, a multifamily assisted-living facility located in Nyack, New York. Compl. ¶¶ 2, 13.[1] Plaintiff Robert Almeida and his then–business partner Jaison Joseph appeared at the public sale, and jointly bid $6,050,000 for the property. *Id.* ¶ 19. Their bid was accepted and, on April 26, 2002, Almeida and Joseph paid the foreclosure commissioner a $75,000 earnest money deposit and executed a document entitled "Terms and Requirements of Foreclosure Sale—Acknowledgment by Bidder," *see* Declaration of William H. Melvin ("Melvin Decl."), Ex. A (the "Bid Acknowledgment"),[2] pursuant to which they agreed to close on the purchase within 30 days after their bid was approved by HUD. Compl. ¶¶ 18, 20.

Almeida and Joseph were, however, unable or unwilling to close within this 30-day period; among other things, they claimed that there were problems with the title and liens on the subject property, as well as questions about the authority of the foreclosure commissioner. *Id.*

---

[1] For purposes of this motion to dismiss, the Government accepts as true "all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). However, for purposes of accuracy, Defendants wish to point out that although the foreclosure sale was initially scheduled for March 21, 2002, it was postponed, and actually held on April 26, 2002. *See* Declaration of William H. Melvin ¶ 1.

[2] Plaintiffs did not attach to the complaint the Bid Acknowledgement or other documents to which the complaint refers. *See, e.g.*, Compl. ¶¶ 19-23, 52-54, 63-64. Because these may be useful to the Court in deciding the instant motion, these documents have been provided as exhibits to the supporting declaration of William H. Melvin. "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court … may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In particular, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (internal quotation marks and brackets omitted).

¶¶ 27-29.  As expressly permitted by the Bid Acknowledgement, Almeida and Joseph sought and

obtained from HUD two extensions of time beyond the 30-day period (to July 31, 2002) during

which to assuage their concerns about these matters, by paying the requisite extension fees

(totaling $163,438).  *Id.* ¶¶ 30, 33, 41, 44.  The bidders purported to make these payments "under

protest," to indicate their belief that HUD and the foreclosure commissioner were responsible for

the delay.  *Id.* ¶ 35.

    The closing, however, was not scheduled by the July 31 deadline.  *Id.* ¶¶ 45, 47.  On the

day of the deadline, Joseph sought and obtained an *ex parte* temporary restraining order from this

Court preventing HUD from declaring Almeida and himself in default for failing to meet the

extended closing deadline, or from proceeding with the foreclosure.  *Id.* ¶ 51.[3]  A few months

later, on September 20, 2002, all parties to that litigation entered a Stipulation of Settlement and

Dismissal (the "Settlement Stipulation"), whereby Joseph agreed to assign to Almeida his

interest in the bid (including any right he might have to recover the extension fees from HUD).

*Id.* ¶¶ 52, 54; *see* Melvin Decl., Ex. B.  Almeida reserved to himself in the Settlement Stipulation

"any and all of his rights he may have to commence an action against the United States in the

Court of Federal Claims or any court of competent jurisdiction for any claims he may have

against the United States for the monies paid as extension fees."  Settlement Stipulation ¶ 10.

Further, the bidders and HUD stipulated that they would close title on Tappan Zee Manor on

October 4, 2002, and Joseph agreed to dismiss his complaint with prejudice.  Compl. ¶ 53;

Settlement Stipulation ¶¶ 1, 6-7.  At the closing, which took place as agreed, the parties executed

the "Foreclosure Sale Use Agreement" (the "Foreclosure Agreement").  Compl. ¶¶ 23, 55;

Melvin Decl., Ex. C.

---

    [3] *See Joseph v. Carro*, No. 02-CV-6133(CLB) (S.D.N.Y. filed July 31, 2002).

Nothing further related to this matter transpired for nearly six years, when, on February 6, 2008, Plaintiffs (Almeida on his own behalf and as assignee of Joseph) wrote a letter to HUD, which the complaint characterizes as a "demand for payment," seeking to recover the "$163,798 [*sic*]" in extension fees (it was $163,438, *see, e.g.*, Compl. ¶ 66) he and his former business partner had paid in 2002.  Compl. ¶ 63; Melvin Decl., Ex. D.  HUD summarily rejected this demand by letter dated February 14, 2008.  Compl. ¶ 64; Melvin Decl., Ex. E.

A few months later, on May 19, 2008, Plaintiffs filed the instant complaint seeking to recover the extension fees.  Compl. ¶ 10.  In the complaint, Plaintiffs once again claimed that HUD had been responsible for the delay in scheduling the closing beyond the original deadline, due to defects in the title and liens on the subject property, as well as a supposed irregularity in the foreclosure commissioner's appointment.  *Id.* ¶ 25.

Plaintiffs assert that when HUD charged them the extension fees prescribed by the Bid Acknowledgment, it violated the Multi-Family Mortgage Foreclosure Act of 1981 and the National Housing Act, Compl. ¶¶ 3, 65-66—although they do not identify the particular provisions of those statutes that they believe were violated.  They further assert that the extension fees were imposed in violation of the two agreements they entered into with HUD, the Bid Acknowledgement and the Foreclosure Agreement, *id.* ¶¶ 3, 22-23, 67-68, and further that they are entitled to recover these fees on theories of quantum meruit and unjust enrichment, *id.* ¶¶ 4, 71-74.  Finally, Plaintiffs contend that the purported statutory and contractual violations described above further give rise to distinct claims under the Federal Tort Claims Act.  *Id.* ¶¶ 4, 76-77.

With respect to this Court's jurisdiction over the matter, Plaintiffs generically assert that this Court has subject matter jurisdiction over the federal statutory claims pursuant to 28 U.S.C.

§ 1331, and supplemental jurisdiction over the common-law claims pursuant to 28 U.S.C.

§ 1367. Compl. ¶¶ 5, 6. As for the Government's sovereign immunity, Plaintiffs summarily

contend that "defendants have waived sovereign immunity as to each and every claim raised

herein by the PLAINTIFFS," Compl. ¶ 5, but do not cite any statutory or other authority to

support this contention.

**ARGUMENT**

I.    **SOVEREIGN IMMUNITY BARS PLAINTIFFS' CLAIM UNDER THE MULTIFAMILY MORTGAGE FORECLOSURE ACT OF 1981 AND THE NATIONAL HOUSING ACT**

  A.    **Legal Standard**

"If a district court lacks the statutory or constitutional power to adjudicate a case, it must

dismiss the case for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure]

12(b)(1)." *Valentine Props. Assocs., LP v. HUD*, No. 05 Civ. 2033 (SCR), 2007 WL 3146698, at

*4 (S.D.N.Y. Oct. 12, 2007) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.

2000)). When the claim is "against the government, the plaintiff must show 'both a grant of

subject matter jurisdiction and a valid waiver of sovereign immunity.'" *Id.* (quoting *C.H.

Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 903 F.2d 114, 117 (2d Cir. 1990)).

Unless waived, "sovereign immunity shields the Federal Government and its agencies

from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[I]n any suit in which the

[Government] is a defendant, a waiver of sovereign immunity with respect to the claim asserted

is a prerequisite to subject matter jurisdiction." *Up State Fed. Credit Union v. Walker*, 198 F.3d

372, 374 (2d Cir. 1999). Such waiver can only be accomplished "by federal statute,"

*Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999), which must be

"strictly construed in favor of the government," *SEC v. Credit Bancorp, Ltd.*, 297 F.3d 127, 136

(2d Cir. 2002). The statute providing generally for subject matter jurisdiction in district courts

5

over suits involving federal questions, 28 U.S.C. § 1331, does not waive the sovereign immunity

of the United States.  *See Desiderio v. Nat'l Ass'n of Secs. Dealers, Inc.*, 2 F. Supp. 2d 516, 522

& n.8 (S.D.N.Y. 1998) (citing *Mack v. United States*, 814 F.2d 120, 122 (2d Cir. 1987)), *aff'd on*

*other grounds*, 191 F.3d 198 (2d Cir. 1999).

  The burden of proving subject matter jurisdiction, including waiver of sovereign

immunity, by a preponderance of the evidence, lies squarely on the plaintiff.  *See Valentine*

*Props.*, 2007 WL 3146698, at *4 (citing *Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004)).  In

determining whether it has such jurisdiction, a district court must assume "all material factual

allegations in the complaint," *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.

1998), and "may refer to evidence outside the pleadings," *Makarova*, 201 F.3d at 113.  It may

not, however, "draw[] from the pleadings inferences favorable to the party asserting"

jurisdiction.  *Shipping Fin. Servs.*, 140 F.3d at 131.

  **B.**  **The Multifamily Mortgage Foreclosure Act of 1981 Does Not Waive**
     **Defendants' Sovereign Immunity**

  The non-judicial foreclosure sale at issue in the complaint was conducted pursuant to the

provisions of the MMFA.  *See* Foreclosure Agreement at 1; *see also* Compl. ¶ 2.  This statute

provides a streamlined, uniform procedure for HUD to auction multifamily properties without

resort to court proceedings or the need to comply with differing state foreclosure laws.  *See*

*generally* 12 U.S.C. § 3701.  In brief, HUD appoints a foreclosure commissioner, *see id.*

§§ 3704, 3705, who issues a Notice of Foreclosure and Sale for a given property (identifying the

property, the parties to the underlying mortgage, the basis of the default of the mortgage, the

date, time, and place of the foreclosure sale, costs associated with the sale, and any terms and

conditions imposed by HUD on the sale), *see id.* § 3706, and mails it to all persons with interests

in the property, *see id.* § 3708.  The foreclosure commissioner then holds a public auction for the

property, *see id.* § 3710, and ultimately conveys to the successful bidder "all of the right, title, and interest in the security property covered by the deed which the Secretary as holder, the foreclosure commissioner, the mortgagor, and any other persons claiming, by, through, or under them, had on the date of execution of the mortgage, together with all of the right, title, and interest thereafter acquired by any of them in such property up to the hour of sale," *id.* § 3713(b). As this is a non-judicial foreclosure mechanism, the statute explicitly provides that "no judicial proceeding [is] required ancillary or supplementary to the procedures provided in [the statute] to assure the validity of the conveyance or confirmation of such conveyance." *Id.*

The MMFA itself contains no provisions waiving HUD's sovereign immunity with respect to its actions pursuant to that statute. *See Checed Creek, Inc. v. Sec'y of HUD*, No. 4:06cv110, 2007 WL 1238592, at *2 (E.D. Va. Apr. 27, 2007); *Massie v. HUD*, Civil No. 06-1004, 2007 WL 184827, at *3 (W.D. Pa. Jan. 19, 2007), *reconsidered on other grounds*, 2007 WL 674594 (W.D. Pa. Mar. 1, 2007). Nor do any other statutes waive the Government's sovereign immunity with respect to MMFA actions in district court for money damages exceeding $10,000. *See Kennedy Heights Apartments, Ltd. I v. McMillan*, 78 F. Supp. 2d 562, 567-71 (N.D. Tex. 1999); *Oakbrook Village Assocs. v. Cisneros*, 25 F. Supp. 2d 730, 732-34 (E.D. La. 1998); *Lisbon Square v. United States*, 856 F. Supp. 482, 492 (E.D. Wis. 1994); *see also Massie*, 2007 WL 184827, at *3-*5.

A provision of the Administrative Procedure Act, 5 U.S.C. § 702, has been held to permit claims challenging certain HUD actions under the MMFA, but such review is statutorily limited to claims "seeking relief other than money damages." *See Kennedy Heights*, 78 F. Supp. 2d at 567-70; *Oakbrook Village*, 25 F. Supp. 2d at 732-33; *see also Checed Creek*, 2007 WL 1238592, at *4 (action seeking to enjoin MMFA foreclosure may proceed pursuant to APA waiver of

sovereign immunity); *Massie*, 2007 WL 184827, at *3-*5.  And the Tucker Act, 28 U.S.C.

§ 1491(a)(1), gives exclusive jurisdiction to the Court of Federal Claims over claims exceeding

$10,000 that sound in contract, including those relating to foreclosures under the MMFA.  *See*

*Kennedy Heights*, 78 F. Supp. 2d at 567-70; *Oakbrook Village*, 25 F. Supp. 2d at 732-34; *Lisbon*

*Square*, 856 F. Supp. at 492-93.  No other statutes have been held to waive the Government's

sovereign immunity with respect to purported violations by HUD of the MMFA, and the

complaint suggests none.

Because Plaintiffs' claim under the MMFA seeks money damages in the amount of

$163,438, *see* Compl. ¶ 66, this Court must dismiss it for lack of subject matter jurisdiction.

### C.    The National Housing Act's Limited "Sue and Be Sued" Provision Is Inapplicable Here

Unlike the MMFA, the NHA does contain a provision explicitly waiving HUD's

sovereign immunity in certain limited circumstances.  In relevant part, the provision states: "The

Secretary [of HUD] shall, in carrying out the provisions of this subchapter and subchapters II,

III, V, VI, VII, VIII, IX-B, and X of this chapter, be authorized, in his official capacity, to sue

*and be sued* in any court of competent jurisdiction, State or Federal."  12 U.S.C. § 1702

(emphasis added).  In examining whether this provision waives HUD's sovereign immunity with

respect to a specific plaintiff's claims, district courts must determine whether the particular

statutory section that the plaintiff claims HUD violated is located in the enumerated subchapters

of the NHA.  *See United Am., Inc. v. NBC-USA Hous., Inc. Twenty Seven*, 400 F. Supp. 2d 59, 62

(D.D.C. 2005) ("To contend that a provision not expressly enumerated [in § 1702] is still

covered by this language would render the enumeration superfluous.  Because it is a cardinal

principle of statutory construction that no parts of a statute's text should be rendered superfluous,

Section 1702 cannot provide a waiver of sovereign immunity for the Secretary's actions taken

pursuant to [a provision outside the enumerated subchapters of the NHA]."  (citations and internal quotation marks omitted)); *Thomas v. Pierce*, 662 F. Supp. 519, 526-27 (D. Kan. 1987).

Here, Plaintiffs have not specified in the complaint which provision of the NHA they believe Defendants violated.  To the extent they are claiming that HUD has violated 12 U.S.C. § 1701z-11, which addresses "[m]anagement and disposition of multifamily housing projects," and is cited in the Foreclosure Agreement, *see* Foreclosure Agreement at 1, any reliance on that provision to establish a waiver of sovereign immunity is misplaced.  Section 1701z-11 is not in fact part of the National Housing Act, although it has been codified in the same chapter of the U.S. Code as the NHA, *see Thomas*, 662 F. Supp. at 521-22, 527-28; rather, it is part of the Housing and Community Development Amendments of 1978, Pub. L. No. 95-557, § 203, 92 Stat. 2080, 2088-90 (1978).[4]  This provision is thus not among § 1702's enumerated subchapters of the NHA, and is not subject to that section's waiver of sovereign immunity.  *See Thomas*, 662 F. Supp. at 521-22, 527-28.[5]

If Plaintiffs intended, however, to allege a violation of some other provision of the NHA, their complaint does not identify it, and a review of the hundreds of sections of the United States

---

[4] Nevertheless, some courts mistakenly refer to § 1701z-11 in passing as part of the NHA, presumably due to its location in the Code.  *See, e.g.*, *Telesca v. Long Island Hous. P'ship, Inc.*, 443 F. Supp. 2d 397, 407 (E.D.N.Y. 2006); *Guity v. Martinez*, No. 03 Civ. 6266(LAP), 2004 WL 1145832, at *3-*4 (S.D.N.Y. May 20, 2004).  No court, however, has ever held that the provision is subject to § 1702's waiver of sovereign immunity.

[5] Another statute pursuant to which HUD exercises its authority to sell multifamily mortgages is 12 U.S.C. § 1715z-11a(a), which authorizes the Secretary to "manage and dispose of … multifamily mortgages held by [HUD] on such terms and conditions as the Secretary may determine, notwithstanding any other provision of law."  This provision is also not subject to § 1702's waiver of sovereign immunity because it is not part of the NHA, *see Jewish Ctr. for Aged v. HUD*, No. 4:07-CV-750 (JCH), 2007 WL 2121691, at *4-*5 (E.D. Mo. July 24, 2007); it is part of the Departments of Veterans Affairs and Housing and Urban Development, and Independent Agencies Appropriations Act of 1997, Pub. L. No. 104-204, § 204, 110 Stat. 2874, 2894 (1996).

Code that make up the NHA does not suggest any obvious candidates.  Because the complaint's NHA claim thus fails to suggest any basis for waiving HUD's sovereign immunity, Plaintiffs have plainly failed to carry their burden of proving this Court's subject matter jurisdiction over such a claim, and the claim must accordingly be dismissed.

## II.    PLAINTIFFS' FTCA CLAIM IS JURISDICTIONALLY TIME-BARRED BECAUSE THEY FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

Plaintiffs further allege that they are entitled to relief under the Federal Tort Claims Act, *see* Compl. ¶¶ 75-78, but have failed to establish the jurisdictional prerequisites for asserting such a claim.  "The [Federal Tort Claims Act] requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived."  *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).  "An action shall not be instituted upon a claim against the United States … unless the claimant shall have first presented the claim to the appropriate Federal agency …."  28 U.S.C. § 2675(a); *see also Celestine*, 403 F.3d at 82.  All such claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).

The requirement is jurisdictional because compliance with the FTCA's administrative exhaustion requirement is a condition for the United States' waiver of sovereign immunity. *See Celestine*, 403 F.3d at 80, 82-83.  "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim."  *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

Even assuming that the complaint can be characterized as asserting a "tort" claim—a debatable proposition, *see Wood v. United States*, 961 F.2d 195, 198 (Fed. Cir. 1992) ("If an

action arises primarily from a contractual undertaking," there is no FTCA jurisdiction "regardless of the fact that the loss resulted from the negligent manner in which defendant performed its contract." (internal quotation marks omitted))—it nowhere expressly pleads that Plaintiffs presented an administrative claim to HUD within the prescribed period, or indeed at any time. To the extent Plaintiffs would argue that their February 6, 2008 "demand for payment" to HUD, *see* Compl. ¶ 63; Melvin Decl., Ex. D—sent nearly six years after the events underlying the complaint—constitutes an "administrative claim" within the meaning of the FTCA, this document was filed nearly four years after the statutory deadline had passed. "Claims under the FTCA accrue either at the time of injury or when the plaintiff has, or with reasonable diligence should have, discovered the facts critical to his or her injury, whichever is earlier." *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). Plaintiffs were certainly aware of their claims on September 20, 2002—if not months earlier—when they signed a stipulation reserving to Almeida "any and all of his rights he may have to commence an action … for any claims he may have against the United States for the monies paid as extension fees." Stip. ¶ 10.

Because Plaintiffs cannot meet the jurisdictional prerequisite to filing an FTCA claim in this Court, this claim must be dismissed for lack of subject matter jurisdiction.

### III.    THIS COURT HAS NO JURISDICTION OVER PLAINTIFFS' COMMON-LAW CLAIMS.

This Court also lacks subject matter jurisdiction over Plaintiffs' remaining claims, for breach of contract, quantum meruit, and unjust enrichment. It is well-settled that the Tucker Act, 28 U.S.C. § 1491, provides exclusive jurisdiction in the Court of Federal Claims for actions based on express or implied contracts with the United States or its agencies, exceeding $10,000

in damages.  *See Presidential Gardens*, 175 F.3d at 141.[6]  Thus, district courts have no

jurisdiction to entertain claims over this damages threshold sounding in contract against the

government absent an independent waiver of sovereign immunity.  *See id.* at 141-42; *Spinale v.

United States*, No. 03 Civ. 1704, 2004 WL 50873, at *8 (S.D.N.Y. Jan. 9, 2004).

       As the complaint seeks damages in the amount of $163,438 and does not identify any

independent waiver of sovereign immunity for its remaining claims, this Court has no subject

matter jurisdiction over them.  While the complaint correctly suggests that the supplemental

jurisdiction statute, 28 U.S.C. § 1367, permits district courts to hear state-law claims that are

related to federal claims properly before the Court, Compl. ¶ 6, this statute (like the federal

question statute discussed *supra* at 5-6) does not operate as a waiver of the Government's

sovereign immunity, *see San Juan County v. United States*, 503 F.3d 1163, 1181 (10th Cir. 2007)

(en banc); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 n.3 (9th Cir. 2007).  Nor

can district courts exercise even supplemental jurisdiction over contract claims for which

exclusive jurisdiction resides in the Court of Federal Claims.  *See Dia Nav. Co. v. Pomeroy*, 34

F.3d 1255, 1267 (3d Cir. 1994); *Pershing Div. of Donaldson, Lufkin & Jenrette Secs. Corp. v.

United States*, 22 F.3d 741, 743-44 (7th Cir. 1994); *Spinale*, 2004 WL 50873, at *8.  Nor, indeed,

can there be "supplemental" subject matter jurisdiction over state-law claims in the absence of

any viable federal claims over which original jurisdiction exist.  *See Parker v. Della Rocco*, 252

F.3d 663, 666 (2d Cir. 2001) (a district court "cannot exercise supplemental jurisdiction unless

there is first a proper basis for original federal jurisdiction" (internal quotation marks omitted)).

Here, for the reasons provided above, there are no viable federal claims in this case and,

---

    [6] "The 'Little Tucker Act,' 28 U.S.C. § 1346(a)(2), permits actions in contract against the
United States to be brought in federal district courts, but only when the claims are for less than
$10,000."  *Id.* at 141 n.3.

accordingly, there is no basis for the Court to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).


Dated: August 15, 2008                    Respectfully submitted,

                                          MICHAEL J. GARCIA
                                          United States Attorney
                                          Southern District of New York
                                          *Attorney for Defendants*

                                          */s/ Jean-David Barnea*
                              By:         JEAN-DAVID BARNEA
                                          Assistant U.S. Attorney
                                          86 Chambers Street, 3rd floor
                                          New York, NY 10007
                                          Telephone (212) 637-2679
                                          Facsimile (212) 637-2717
                                          Jean-David.Barnea@usdoj.gov