UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT F. ALMEIDA and ROBERT F. ALMEIDA, as the assignee of JAISON JOSEPH,<br><br>          Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES DEPARTMENT OF HOUSING and URBAN DEVELOPMENT AND THE HONORABLE STEVEN PRESTON, as Secretary of the United states Department of Housing and Urban Development,<br><br>          Defendants. | 08 Civ. 4582 (SCR)<br><br>**MEMORANDUM DECISION AND ORDER** |

**STEPHEN C. ROBINSON, United States District Judge.**

The plaintiffs, Robert F. Almeida and Robert F. Almeida, as the assignee of Jaison Joseph, commenced this action against the United States Department of Housing and Urban Development ("H.U.D.") and the Honorable Steven Preston, the Secretary of H.U.D. (collectively, the "Government"). After winning a bid in a foreclosure sale, the plaintiffs entered into a contract with H.U.D., and, in the course of performing that contract, they were charged $106,590 in fees to extend the closing date. The plaintiffs assert that those fees were charged in violation of the Multifamily Mortgage Foreclosure Act of 1981 ("MMFA"), 12 U.S.C. § 3701-3717, the National Housing Act ("NHA"), 48 Stat. 1246 (1934), 12 U.S.C. § 1702 et seq., and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2401(b), 2671-2680. The Complaint also asserts common law claims for breach of contract, unjust enrichment, and

quantum meruit. The Government has moved, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss for lack of subject-matter jurisdiction.

For the reasons set forth in this opinion, the Court grants the Government's motion to dismiss for lack of subject-matter jurisdiction.

# I

# BACKGROUND

This case is at the motion to dismiss stage, and therefore the Court assumes "all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

On March 21, 2002, H.U.D. conducted a foreclosure sale of Tappan Zee Manor, a New York State Licensed Adult Home in Nyack, New York. The plaintiffs won the foreclosure bid to purchase the property for $6.05 million, and, thereafter, executed the "Terms and Requirements of Foreclosure Sale-Acknowledgement of Bidder" (the "Bid Acknowledgement"). The plaintiffs were required to submit on April 26, 2002, an earnest money deposit of $75,000 to H.U.D., and to close on the purchase within thirty-days. Closing was scheduled to take place on June 14, 2002.

In preparation for the closing, the plaintiffs retained a title abstract company to conduct a search of the title to Tappan Zee Manor. This search revealed some allegedly irregularities with the title. H.U.D. was notified that the H.U.D. appointed foreclosure commissioner may not have had the statutory authority to issue the foreclosure sale prior to acceptance of his designation and recording it with the county clerk; that the mortgagor might have been divested of its interest in the property; that federal tax liens might not have been discharged on the property; and that other

business entities with recorded interests in the property might not have been served properly with the foreclosure documentation.

Given these alleged irregularities, and as expressly permitted in the Bid Acknowledgment, the plaintiffs sought and obtained from H.U.D. two extensions of time beyond the thirty-day period. Under the Bid Acknowledgment, however, the plaintiffs had to pay extension fees totaling $106,590.00. The plaintiffs claim to have paid these fees "under protest" because they believed that H.U.D. and its foreclosure commissioner were responsible for the delays. Despite these two extensions, however, the closing did not take place.

As a result of H.U.D.'s threat to enter a default against the plaintiffs, Jaison Joseph commenced an action in the United States District Court for the Southern District of New York seeking a declaratory judgment and an injunction to require H.U.D. fully to perform under the Bid Acknowledgment and to challenge H.U.D.'s right to declare the plaintiffs in default. On September 20, 2002, H.U.D. and Joseph stipulated that they would close title on Tappan Zee Manor on October 4, 2002, and Joseph agreed to dismiss his complaint with prejudice. On October 4, 2002, the closing took place, and title was conveyed to plaintiffs.

On May 19, 2008, plaintiffs commenced this action, seeking to recover the extension fees paid to H.U.D. The plaintiffs continue to maintain that H.U.D. was responsible for the delay in scheduling the closing beyond the original deadline. The plaintiffs assert that the extension fees violated numerous federal statutes, including the MMFA, 12 U.S.C. § 3701-3717, the NHA, 48 Stat. 1246 (1934), 12 U.S.C. § 1702 et seq., and the FTCA, 28 U.S.C. § 1346(b), 2401(b), 2671-2680. The Complaint, however, does not identify the particular provisions of the MMFA and NHA upon which those claims are based. The plaintiffs also seek to recover the extension fees under common law theories of breach of contract, unjust enrichment, and quantum meruit.

## II

## DISCUSSION

### A.

Before the Court is the Government's motion, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss for lack of subject matter jurisdiction. The Government contends that the United States Congress has not waived sovereign immunity with respect to the plaintiffs' claims under the MMFA or the NHA. The Government also submits that the plaintiffs' FTCA claim is barred by the statute of limitations and, alternatively, must be dismissed because the plaintiffs have failed to exhaust their administrative remedies. Finally, the Government contends that this Court has no jurisdiction to hear the plaintiffs's common law claims.

In opposition to the Government's motion, the plaintiffs argue that the "sue and be sued provision" of the NHA, 12 U.S.C. § 1702, waives sovereign immunity for purposes of their claims under the NHA and under the common law. The plaintiffs, however, do not contest the Government's position that their MMFA must be dismissed for lack of jurisdiction due to sovereign immunity or that their FTCA claim is time barred. Thus those undefended claims must be dismissed. *See Collins v. Goord*, 581 F. Supp. 2d 563, 579 (S.D.N.Y. 2008) (noting that failure to oppose a motion for summary judgment on particular claims constitutes "abandonment" of those claims) (citing *Bronx Chrysler Plymouth, Inc. v. Chrysler Corp.*, 212 F. Supp. 2d 233, 249 (S.D.N.Y. 2002); *Anyan v. New York Life Ins. Co.*, 192 F. Supp. 2d 228, 237 (S.D.N.Y. 2002)).

## B.

H.U.D. is an executive agency of the federal government, 42 U.S.C. § 3532,[1] and thus the Court begins with a summary of the legal prerequisites that suits commenced against the United States must satisfy. "In any suit in which the United States is a defendant," the Court of Appeals for the Second Circuit has explained, "there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assoc. v. Sec'y of Hous. and Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 19999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Although the same statutory provision may satisfy more than one of these requirements, each requirement, the Supreme Court has cautioned, is "wholly distinct." *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786-87 n.2 (1991). Here, the plaintiffs claim that this Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331 as well as the Tucker Act, 28 U.S.C. § 1346,[2] with respect to claims for breach of contract, breach of implied contract, and violations of the NHA. With respect to waiver of sovereign immunity, the plaintiffs rely on the "sue and be sued" provision of the NHA.

Title 12, section 1702 of the United States Code provides that "[t]he Secretary [of H.U.D.] shall, in carrying out the provisions of this subchapter [*i.e.*, subchapter I] and subchapters II, III, V, VI, VII, VIII, IX-B, and X of this chapter, be authorized, in his official

---

[1] "There is hereby established at the seat of government an executive department to be known as the Department of Housing and Urban Development." 42 U.S.C. § 3532(a).

[2] In *C.H. Sanders & Co. v. BHAP Hous. Dev. Fund Co.*, the Second Circuit explained that the "Tucker Act provides both subject matter jurisdiction and sovereign immunity for non-tort claims 'against the United States . . . founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States.'" 903 F.2d 114, 119 (2d Cir. 1990) (citing 28 U.S.C. § 1346(a)(2)). Although on its face the Tucker Act allows actions in the district court only when the amount of damages sought is $10,000 (otherwise it must be brought in the Federal Court of Claims, 28 U.S.C. § 1346(a)(1)), the Second Circuit has held that "an action (regardless of the amount sought) may be commenced under § 1331 in the district court provided there is an independent waiver of sovereign immunity outside the Tucker Act." *Sanders*, 903 F.2d at 119; *see also Ward v. Brown*, 22 F.3d 516, 519 (2d Cir. 1994) (holding that "the Tucker Act [does not] divest[] a federal district court of its original jurisdiction over claims against the government for more than $10,000 when the claim is based on a statute, other than the Tucker Act, containing a waiver of sovereign immunity").

capacity, to sue and be sued in any court of competent jurisdiction, State or Federal."[3] Undoubtedly this provision constitutes a waiver of sovereign immunity, *see Federal Housing Admin. v. Burr*, 309 U.S. 242, 244-45 (1940), but the question, for purposes of this case, is whether the plaintiffs' claims are based on the enumerated statutory provisions for which section 1702 waives sovereign immunity. The plaintiffs' claim in this case is that H.U.D. was unable properly to deliver title to the property at the time agreed upon and that H.U.D. demanded that the plaintiffs pay extension fees in violation of 12 U.S.C. §§ 1701z-11(c)(1)-(3).[4]

Section 1701z-11, however, is not found within the enumerated subchapters for which section 1702 waives sovereign immunity. Section 1701z-11 is codified prior to subchapter I and, indeed, was not enacted until 1978, forty-three after the enactment of the NHA.[5] *See* Housing and Community Development Amendments of 1978, Pub. L. No. 95-557, 92 Stat. 2088 (codified as amended in scattered sections of the U.S.C.); *Thomas v. Pierce*, 662 F. Supp. 519, 527 (D. Kan. 1987) ("[Section 1701z-11] was not enacted as part of the National Housing Act" and "is not found within one of the subchapters enumerated in section 1702."); *see also Jewish Ctr. for Aged*, 2007 WL 2121691, at *4 (same with respect to section 1715z-11); *Checed Creek, Inc. v. Secretary, U.S. Dep't of Housing and Urban Development*, No. 06-cv-110, 2007 WL 1238592, at 2 (E.D. Va. Apr. 27, 2007) (same with respect to section 1701q); *United Americans, Inc. v. N.B.C.-U.S.A. Housing, Inc. Twenty Seven*, 400 F. Supp. 2d 59, 62 (D.D.C. 2005) (same with

---

[3] As one court has noted, section 1702 "only applies" to the provisions listed in the original NHA, *see* Act of Aug. 23, 1935, c. 614, § 344(a), 49 Stat. 722. *See Jewish Ctr. for Aged v. United States Department of Housing and Urban Development*, No. 07-cv-750, 2007 WL 2121691, at *4 (E.D. Mo. July 24, 2007) (noting that "[i]n a conflict between the Statutes [at Large] and the [United States] Code, the Statutes prevail").

[4] Section 1701z-11(c) empowers H.U.D. to dispose of property that it owns through foreclosure sales.

[5] The plaintiffs point this Court to cases that have referred to section 1701z-11 as being part of the NHA. *See, e.g.*, 443 F. Supp. 2d 397, 407 (E.D.N.Y. 2006); *Guity v. Martinez*, No. 03-cv-6266, 2004 WL 1145832, at *3-4 (May 20, 2004 S.D.N.Y.). These courts discussed section 1701z-11 as being part of the NHA in passing only and were not required to make the specific determination at issue in this case. Moreover, given that section 1701z-11 is codified in Chapter 13, entitled "National Housing," such fleeting references are quite understandable.

08 Civ. 4582 (SCR) 7

respect to section 1701q); *Dickson v. Pierce*, No. 86-cv-1727, 1988 WL 26107, at *4 (E.D.N.Y. Mar. 9, 1988) (same with respect to section 1701z-11). As one district court has explained:

> "To contend that a provision not expressly enumerated is still covered by this language would render the enumeration superfluous. Because it is a cardinal rule of statutory construction that no parts of a statute's text should be rendered superfluous, Section 1702 cannot provide a waiver of sovereign immunity for the Secretary's action taken pursuant to" a statutory provision that falls without the enumerated subchapters.

*United American, Inc.*, 400 F. Supp. 2d at 62 (noting that the rule of *expression unius est exclusion alterius* also applies under these circumstances). The Court therefore concludes that section 1702 does not waive sovereign immunity for the plaintiffs' claim based on section 1701z-11.[6] Consequently, the Government's motion to dismiss for lack of jurisdiction is granted.

## Conclusion

To summarize, any suit against H.U.D., a federal executive agency, must satisfy the legal requirements for suits commenced against the United States—namely, "a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assoc.*, 175 F.3d at 139. In this case, the plaintiffs' suit is not predicated on any statute or cause of action for which the Congress has waived sovereign immunity. Accordingly, the Court must dismiss this suit for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1).

The Clerk of the Court is directed to close this case, including docket entry number 6.

---

[6] In an effort to salvage their Complaint, the plaintiffs contend that there suit is predicated on 12 U.S.C. § 1709, which authorizes the Secretary of H.U.D. to "insure . . . any mortgage offered to him which is eligible for insurance as hereafter provided" and to require that all such mortgages "[c]ontain such terms and provisions with respect to . . . foreclosure proceedings . . . as the Secretary may in his discretion prescribe." *Id.* §§ 1709(a), 1709(b)(7). The plaintiffs' Complaint, however, does not raise any facts that implicate section 1709—their claim centers on their allegation that the extension fees paid in connection with the foreclosure sale, not any mortgage issued by H.U.D., were assessed in violation of the law.

08 Civ. 4582 (SCR)                                                                                          8

*It is so ordered.*

Dated: ___February 11___, 2009

      White Plains, New York

                                              Stephen C. Robinson
                                              United States District Judge